## GRAHAM v. BRYANT.

### Court of Appeal, First District; July 24, 1906.

#### 87 Pac. 232.

**Appeal—Conflicting Evidence.—A Verdict Based** on conflicting evidence and sustained, by the trial court will not be reversed.[1]

APPEAL from Superior Court, City and County of San Francisco; M. C. Sloss, Judge.

Action by F. J. Graham against A. M. Bryant. From a judgment for defendant, plaintiff appeals. Affirmed.

George D. Collins and A. E. Ball for appellant; William Cannon for respondent.

HARRISON, P. J.—Action upon a promissory note. The cause was tried before a jury, and a verdict returned in favor of the defendant. Plaintiff moved for a new trial upon the grounds that the verdict was not sustained by the evidence, and that certain errors of law were committed at the trial. The motion was denied, and from this order the plaintiff has appealed.

[1] Cited and followed in McDonnell v. Minneapolis St. P. & S. S. M. Ry. Co., 17 N. D. 608, 118 N. W. 819, where, in a suit for injuries to the plaintiff's cattle, the jury had found that the defendant's servants had not exercised ordinary care after discovering the animals on the track. The court said that it would require a clear case of insufficiency of evidence to be shown before it would disturb the verdict.

The signing of the note by the defendant was conceded, and the only issue presented to the jury was the want of consideration for making the same. Upon this issue there was a direct conflict of testimony between the defendant and the witness for the plaintiff, with whom the defendant had the transaction in which the note was signed. It is unnecessary to recount this testimony, since the determination of the jury as to which of these witnesses was entitled to credit is conclusive. The jury were fully and clearly instructed as to the elements necessary to constitute a consideration for the note in view of the evidence before them, and no exception was taken to these instructions. The fact, moreover, that the trial court declined to set the verdict aside is an additional ground for us to hold that it was fully sustained by the evidence. The contract of the defendant in reference to the prosecution of her claim against the Adler estate was properly received in evidence as illustrative of the circumstances connected with her signing of the note sued upon. The exhibit shown to the witness for the plaintiff was offered solely for the purpose of affecting his credibility, and was admissible for that purpose.

The other errors relied upon do not require consideration. The order is affirmed.

We concur: Cooper, J.; Hall, J.